UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED DEC 1 8
DOC #:
DATE FILED: 1/12/10

---

UNITED STATES OF AMERICA

        v.

RUBIN/CHAMBERS, DUNHILL INSURANCE
SERVICES, INC. dba CHAMBERS, DUNHILL
RUBIN & CO. and CDR FINANCIAL
PRODUCTS, INC.;
DAVID RUBIN;
ZEVI WOLMARK, aka STEWART WOLMARK; and EVAN ANDREW ZAREFSKY,

        Defendants.

09 Cr. 1058 (VM)

Filed:
Violations:
    15 U.S.C. § 1
    18 U.S.C. § 371
    18 U.S.C. § 1343
    18 U.S.C. § 1001
    18 U.S.C. § 1005
    26 U.S.C. § 7212

------------------------------------------------------------------x

## PROTECTIVE ORDER

Upon consideration of the Government's Motion for a Protective Order, **IT IS HEREBY**

**ORDERED** that:

1.    This Protective Order, entered pursuant to Rules 16(d) and 57 of the Federal

    Rules of Criminal Procedure, applies to the discovery materials produced in this

    matter (hereinafter "Protected Materials").

2.    Defendants and Defendants' counsel, upon receiving the Protected Materials, may

    not disclose or disseminate the Protected Materials or any information taken from

    the Protected Materials to any third party unless such disclosure or dissemination

    is in prepation of Defendants' individual and collective defenses in this case.

    Defendants and Defendants' counsel may not disclose Protected Materials to

    members of the media. Defendants or Defendants' counsel may not use, disclose

or disseminate the Protected Materials or any information taken from the

Protected Materials for any commercial or business purpose.

3.    Any third party or its counsel to whom disclosure or dissemination is made pursuant to this

Order may not further disclose or disseminate the Protected Materials or any

information taken from the Protected Materials for any purpose or use the

Protected Materials or any information taken from the Protected Materials for any

commercial or business purpose.

4.    If Defendants or Defendants' counsel disclose or disseminate any Protected

Materials or any information taken from the Protected Materials to a third party or

its counsel, Defendants or Defendants' counsel shall obtain from one

representative of each such third party or its counsel, at the time of the initial

disclosure or dissemination, the following written statement:

> I acknowledge that the discovery materials (known "Protected Materials")
> provided to me are protected from further disclosure or dissemination by
> the Court's Protective Order, dated December ___, 2009, copy of which I
> have received and read in its entirety. I agree to be bound by its
> provisions.

Neither Defendants nor Defendants' counsel shall be required, absent further

court order, to disclose the identities of the third parties to which it has disclosed

or disseminated the Protected Materials or the written statements obtained from

those third parties. Defendants' counsel shall maintain a copy of each signed

statement, each of which shall be considered "Protected Materials" pursuant to

this Protective Order. However, Defendants or Defendants' counsel need not

obtain such statement from any member of the defense team (attorneys, experts,

consultants, paralegals, investigators, support personnel, and secretarial staff

2

involved in the representation of Defendants in this case) all of whom are
nonetheless bound by this Protective Order. No third party shall be required to
disclose its receipt of Protected materials or the aforementioned written statement
pursuant to this Protective Order.

5.     Defendants and Defendants' counsel shall store all Protected Materials in secure place
and shall use reasonable care to ensure that the Protect Materials are not disclosed
or disseminated to any third parties in violation of the Protective Order. In the
event of an inadvertent disclosure of Protected materials, Defendants' counsel
shall promptly notify the Court and the original source party of such Protected
Materials as to the identity of the recipient of the inadvertently produced
Protected Materials and shall use all reasonable efforts to secure the return or
destruction of the inadvertently produced Protected Materials.

6.     Unless otherwise required by law, if Defendants or Defendants' counsel, or a
third party or its counsel, has obtained Protected Materials pursuant to this
Protective Order and, in the context of another court proceeding, investigation of
inquiry, receives a subpoena or other compulsory process commanding the
production of such Protected Materials, the party shall promptly notify the
original source party of the Protected Materials at least fourteen (14) days before
disclosure and shall object to the production of the Protected Materials pursuant
to this Protective Order. If any Defendants, Defendants' counsel or a third party
or its counsel had obtained Protected Materials pursuant to this Protective Order
and receives a motion to compel production of such documents, that party shall

3

promptly notify the original source party of the Protected Materials and shall advise the court in which such a motion is made of the existence of this Protective Order. If a court nonetheless orders the production of Protected Materials that are subject to this Protective Order, then production of such documents pursuant to that order shall not be deemed a violation of ths Protective Order. Nothing contained in this Protective Order is intended to indicate that any other court order would have priority over this Protective Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

7.     Upon completion of the case, Defendants and Defendants' counsel, and members of the defense team, to whom disclosure or dissemination of the Protected Materials or any information taken from the Protected Materials is made pursuant to this Order shall, upon request of the Government, return all such materials in their possession or control, as well as copies made thereof, to the Government, or shall destroy all such materials in their possession or control, as well as copies made thereof. Any third party or their counsel to whom disclosure or dissemination of the Protected Materials or any information taken from the Protected Materials is made pursuant to this Protective Order shall, upon request of the Government, destroy all such materials in their possession or control, as well as copies made thereof, or return such materials and copies made thereof to Defendants' counsel.

4

8.      Nothing in this Protective Order shall preclude any interested party from filing a

motion seeking a modification of the Protective Order.

**SO ORDERED**.

**SIGNED** on this _____ day of December, 2009.

VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

5