

U.S. Department of Justice

Antitrust Division

---

*New York Office*

26 Federal Plaza  
Room 3630  
New York, New York 10278-0004

212/335-8000

FAX 212/335-8023

March 5, 2014

By Hand

The Honorable Judge Kimba M. Wood  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

      Re:    *United States v. Chambers/Dunhill Insur. Services, Inc. and David Rubin*  
            S1 09 Cr. 1058

Dear Judge Wood:

      The Government respectfully writes to identify revisions and corrections to the PSRs for CDR and David Rubin that either party, with the consent of the other, will ask the Court to consider during the sentencing of both defendants on March 6, 2014. Based on our conversations with defense counsel, we have indicated which changes we are seeking and which changes defense counsel are seeking. In addition, we are providing revised copies of Exhibits A and B-1 to our original sentencing memorandum, since we have updated both the loss and restitution numbers. In addition, revised Exhibit A now includes citations to the evidence (audio recordings and interviews) that supports the calculations in the column entited "Fraudulently Lowered Interest Rates." We will be filing these revised exhibits later today.

      As a preliminary matter, on the first page of both PSRs, my telephone number should be 212-335-8016. In addition, on the second page of both PSRs, the "Release Status" of Defendant Rubin should be corrected to reflect that, with Judge Marrero's permission, the $250,000 that was securing Defendant's bond was returned to him.

¶ 13 and ¶ 15 in both PSRs. The information in these paragraphs should be updated to reflect that current sentencing date for co-conspirators Dani Naeh and Douglas Goldberg is April 10, 2014.  
¶¶ 17-19 in both PSRs. The Government asks that the following sentence be added: "The Government's petition for rehearing *en banc* is pending." Defense counsel has no objection.  
¶ 20 in both PSRs. The information in these paragraphs should be updated to reflect that current sentencing date for co-conspirator Douglas Campbell is April 22, 2014 before Your Honor.

¶ 28 in Rubin PSR. Defense counsel asks that the last sentence starting with "Rubin objects" be deleted. The Government has no objection.

¶ 28 in CDR PSR, ¶ 29 in Rubin PSR. Defense counsel asks that the portion of the last sentence after the semicolon starting with "Rubin objects" be deleted. The Government has no objection.

¶ 43 in CDR PSR, ¶ 44 in Rubin PSR. The Government asks that the words "Typically, in furtherance of that scheme," be inserted at the beginning of the second sentence.

¶ 48 in CDR PSR, ¶ 49 in Rubin PSR. This first part of sentence should be corrected to read: "According to the Government, CDR received a total of $10,419,741.04 in kickbacks as part of transactions affected by the bid-rigging scheme, including $4,890,352.95 associated with the lease-to-own bond issues;". The remainder of the sentence is correct. Defense counsel has no objection.

¶ 51 in CDR PSR, ¶ 52 in Rubin PSR. The Government asks that the words "including kickbacks" be inserted after the word "kickbacks" in the fourth line of the second sentence so that it is clear that transactions in connection with CDR received kickbacks from BOA were not limited to those involving last looks. Defense counsel has no objection.

¶ 54 in CDR PSR, ¶ 55 in Rubin PSR. The Government asks that the words "soliciting intentionally losing bids from other, co-conspirator providers and" be inserted after the words "bond issue" in the second sentence and by adding the words "if necessary" to the end of that same sentence so that it is clear that CDR ensured that BOA won certain transactions by means other than providing last looks. Defense counsel has no objection.

¶ 56 in CDR PSR, ¶ 57 in Rubin PSR. The Government asks that the words "Fraudulent Conduct" be substituted for the words "Last Looks" in the heading above this paragraph so that it is clear that CDR's providing last looks to GE and FSA, in an effort to ensure that those providers won investment agreements, was, in many instances, not part of the bid rigging conspiracy charged in Count One. It was however, part of the fraud conspiracy and scheme charged in Counts Two and Six. Defense counsel has no objection.

¶ 57 in CDR PSR, ¶ 58 in Rubin PSR. The Government asks that the words "and fraud schemes" be substituted for the word "scheme" in the first sentence so that it is clear that these co-conspirators participated in multiple crimes with the Defendants. Defense counsel has no objection.

¶ 60 in CDR PSR, ¶ 61 in Rubin PSR. The Government asks that the words "bid rigging" be removed from the first sentence so that it is clear that the conduct at issue was, depending on the circumstances, in furtherance of both the bid rigging and the fraud charges at issue here. Defense counsel has no objection.

¶ 61 in CDR PSR, ¶ 62 in Rubin PSR. The Government asks that phrase "Although CDR did not have complete control over the bid lists for at least 48 of the investment agreements involving FSA," be substituted for "Although CDR did not have direct control over at least 48 of the bond issues involving FSA," at the beginning of the second sentence. Defense counsel has no objection.

¶ 66 in CDR PSR, ¶ 67 in Rubin PSR. The Government asks that the words "and fraud schemes" be substituted for the word "scheme" in the beginning of this paragraph. Defense counsel has no objection.

¶ 73 in CDR PSR, ¶ 74 in Rubin PSR. The Government asks that this paragraph be deleted since BOA effectively withdrew from the crimes at issue by seeking amnesty from the Antitrust Division before June 30, 2006. Defense counsel has no objection.

¶ 89 in CDR PSR, ¶ 90 in Rubin PSR. The Government asks that the first line of this sentence be corrected to read: "According to the Government, Rubin is responsible for a total loss of $19,784,919.57 (outlined in Attachment A)." The Government also asks that the remainder of this paragraph, which refers to two of Rubin's subordinates, be deleted. Defense counsel has no objection.

¶ 94 in CDR PSR, ¶ 95 in Rubin PSR. Defense counsel asks that the last two sentences, starting with "Rubin objects" be deleted. The Government has no objection.

¶ 96 in CDR PSR, ¶ 97 in Rubin PSR. The Government asks that words "criminal conduct" be substituted for the word "conspiracy" in the first line of the first sentence. Defense counsel has no objection.

¶ 97 in CDR PSR, ¶ 98 in Rubin PSR. The Government asks that the portion of the sentence after the semicolon (referring to Wolmark's position at CDR) be deleted. Defense Counsel has no objection.

¶ 100 in CDR PSR, ¶ 101 in Rubin PSR. The Government asks that this paragraph be deleted because it is confusing and that, instead, certain changes be made in the following paragraphs related to the settlements between five financial institutions and federal regulatory agencies and a group of state Attorneys General. Defense counsel has no objection.

¶ 101 in CDR PSR, ¶ 102 in Rubin PSR. The Government asks that the words "as a result of the civil settlements between the SEC, the OCC and a group of state Attorneys General and five providers" be inserted at the end of the first sentence. Defense counsel has no objection.

¶ 103 in CDR PSR, ¶ 104 in Rubin PSR. The Government asks that the words "and other federal and state agencies" after the reference to the SEC in the second line of the first sentence. The Government also asks that the words "and state" be inserted after the reference to "five federal" in the second sentence on the fourth line. Defense counsel has no objection.

¶ 104 in CDR PSR, ¶ 105 in Rubin PSR. The Government asks that the words "some of whose assets were acquired" be substituted for the words "which was acquired" in both parenthetical phrases in the second sentence. Defense counsel has no objection.

¶ 110 in Rubin PSR. The Government asks that the reference to "18 USC 1005" in the first line of the first sentence be deleted because this portion of the charge was dismissed by Judge Marrero. Defense counsel has no objection.

¶ 130 in Rubin PSR. Defense counsel asks that the second portion of the first sentence of this paragraph be changed to read: "while the defendant's mother, Bella Rubin, age 88, owned and operated a retail clothing store (Bella's Fashions) in Los Angeles, California when David was growing up." The Government has no objection.

¶ 144 in CDR PSR, ¶ 200 in Rubin PSR. The Government asks that $12,303,075.79 be substituted in the first sentence as the amount of restitution owed. Defense counsel has no objection. The Government notes that the Court may wish to revise the restitution number that appears in the Sentencing Recommendation on pages 41 and 44 of the CDR PSR and on pages 56 and 57 of the Rubin PSR.

¶ 146 in CDR PSR. The Government asks that the numbers in the portion of this paragraph relating to Count Six be changed to read as follows: "The maximum fine is $39,569,839.14 (or twice the pecuniary loss of $19,784,919.57), pursuant to 18 USC 3571." Defense counsel has no objection.

¶175 in Rubin PSR. Defense counsel asks that the reference to Yalde Rubin Investments (the second entry in the table) be corrected to reflect that the investment is owned by Rubin's children (not him and/or his wife). However, Defendant received income from

this investment and, therefore, he reported it on his tax returns. These monies were distributed to him in 2011 and that is what was used to pay legal fees in 2011. The Government has no objection.

¶ 196 in Rubin PSR. The Government asks that the numbers in the portion of this paragraph relating to Count One be changed to read as follows: "The maximum fine is $29,464,139.42 (or twice the pecuniary loss of $14,732,069.71) pursuant to 15 USC 1 and 18 USC 3571." The Government also asks that the numbers in the portion of this paragraph relating to Count Six be changed to read as follows: The maximum fine is $39,569,839.14 (or twice the pecuniary loss of $19,784,919.57), pursuant to 18 USC 3571. Defense counsel has no objection.

¶ 198 in Rubin PSR. The Government asks that the number $73,982,130.56 be substituted for the number $46,711,701.82. The Government notes that this number is the total of the fines for Counts One, Two and Six, regardless of the fact that the transactions affected by the scheme charged in Count Six include, but are not limited to, the transactions affected by the crimes charged in Counts One and Two. Defense counsel has no objection. The Government notes that the Court may wish to revise the fine numbers that appear in the Sentencing Recommendation on page 56 of the Rubin PSR.

      I can be reached at 212-335-8016 should the Court have any questions about these materials.

Respectfully submitted,

REBECCA MEIKLEJOHN
Trial Attorney
Antitrust Division

cc: Defense counsel (cover letter only)